UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

ERNEST ROBINSON,

                                        Plaintiff,

               -against-

THE CITY OF NEW YORK, POLICE OFFICER
WILLIAM ORANGE, SHIELD NUMBER 17048 AND
POLICE OFFICER JORGE TOBON, SHIELD
NUMBER 29637

                                       Defendants.

**ANSWER TO SECOND AMENDED COMPLAINT BY DEFENDANTS CITY OF NEW YORK, OFFICER JORGE TOBON, AND OFFICER WILLIAM ORANGE**

07 Civ. 4706 (RMB)

**JURY TRIAL DEMANDED**

------------------------------------------------------------------------ x

        Defendants City of New York ("City"), Officer Jorge Tobon, and Officer William Orange by their attorney Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the plaintiff's Second Amended Complaint ("complaint"), respectfully allege, upon information and belief, as follows.

        1. Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiff purports to proceed as stated therein.

        2. Deny the allegations set forth in paragraph "2" of the complaint, except admit that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

        3. Deny the allegations set forth in paragraph "3" of the complaint, except admit that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

        4. Deny the allegations set forth in paragraph "4" of the complaint, except admit that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

5. The statement in paragraph "5" of the complaint is not an averment requiring a response.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in "paragraph 6" of the complaint.

7. The statements set forth in paragraph "7" of the complaint constitute legal conclusion to which no response is required except admit that the City is a municipal corporation.

8. The statements set forth in paragraph "8" of the complaint constitute legal conclusion to which no response is required except admit that the City maintains a police department.

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the complaint except admit that Police Officers Tobon and Orange were employed by the City in June 2006.

10. The allegations set forth in paragraph "10" of the complaint constitute legal conclusion to which no response is required.

11. The allegations set forth in paragraph "11" of the complaint constitute legal conclusion to which no response is required.

12. Admit the allegations set forth in paragraph "12" of the complaint.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the complaint.

14. Deny the allegations set forth in paragraph "14" of the complaint.

15. Deny the allegations set forth in paragraph "15" of the complaint, except admit that the plaintiff was arrested by members of the New York City Police Department.

16. Deny the allegations set forth in paragraph "16" of the complaint.

17. Deny the allegations set forth in paragraph "17" of the complaint.

18. Deny the allegations set forth in paragraph "18" of the complaint.

19. Deny the allegations set forth in paragraph "19" of the complaint.

20. In response to the allegations set forth in paragraph "20" of the complaint, defendants City, Officer Jorge Tobon, and Officer William Orange repeat and reallege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

21. The allegations set forth in paragraph "21" of the complaint constitute legal conclusion to which no response is required.

22. Deny the allegations set forth in paragraph "22" of the complaint.

23. In response to the allegations set forth in paragraph "23" of the complaint, defendants City, Officer Jorge Tobon, and Officer William Orange repeat and reallege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

24. Deny the allegations set forth in paragraph "24" of the complaint.

25. Deny the allegations set forth in paragraph "25" of the complaint.

26. In response to the allegations set forth in paragraph "26" of the complaint, defendants City, Officer Jorge Tobon, and Officer William Orange repeat and reallege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

27. Deny the allegations set forth in paragraph "27" of the complaint.

28. Deny the allegations set forth in paragraph "28" of the complaint.

29. In response to the allegations set forth in paragraph "29" of the complaint, defendants City, Officer Jorge Tobon, and Officer William Orange repeat and reallege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

30. Deny the allegations set forth in paragraph "30" of the complaint.

31. Deny the allegations set forth in paragraph "31" of the complaint.

32. Deny the allegations set forth in paragraph "32" of the complaint.

33. Deny the allegations set forth in paragraph "33" of the complaint.

34. Deny the allegations set forth in paragraph "34" of the complaint.

35. Deny the allegations set forth in paragraph "35" of the complaint.

36. Deny the allegations set forth in paragraph "36" of the complaint.

37. Deny the allegations set forth in paragraph "37" of the complaint.

38. In response to the allegations set forth in paragraph "38" of the complaint, defendants City, Officer Jorge Tobon, and Officer William Orange repeat and reallege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

39. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "39" of the complaint.

40. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "40" of the complaint except admit that no payment has been made on plaintiff's claim.

41. Deny the allegations set forth in paragraph "41" of the complaint.

42. The allegations set forth in paragraph "42" of the complaint constitute legal conclusions to which no response is required.

43. In response to the allegations set forth in paragraph "43" of the complaint, defendants City, Officer Jorge Tobon, and Officer William Orange repeat and reallege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

44. Deny the allegations set forth in paragraph "44" of the complaint.

45. Deny the allegations set forth in paragraph "45" of the complaint.

46. In response to the allegations set forth in paragraph "46" of the complaint, defendants City, Officer Jorge Tobon, and Officer William Orange repeat and reallege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

47. Deny the allegations set forth in paragraph "47" of the complaint.

48. Deny the allegations set forth in paragraph "48" of the complaint.

49. Deny the allegations set forth in paragraph "49" of the complaint.

50. In response to the allegations set forth in paragraph "50" of the complaint, defendants City, Officer Jorge Tobon, and Officer William Orange repeat and reallege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

51. Deny the allegations set forth in paragraph "51" of the complaint.

52. Deny the allegations set forth in paragraph "52" of the complaint.

53. In response to the allegations set forth in paragraph "53" of the complaint, defendants City, Officer Jorge Tobon, and Officer William Orange repeat and reallege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

54. Deny the allegations set forth in paragraph "54" of the complaint.

55. Deny the allegations set forth in paragraph "55" of the complaint.

56. Deny the allegations set forth in paragraph "56" of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

57. The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

58. Defendants City, Officer Jorge Tobon, and Officer William Orange have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

59. At all times relevant to the acts alleged in the complaint, the duties and functions of the municipal defendant's officials entailed the reasonable exercise of proper and lawful discretion. Therefore, defendant City has governmental immunity from liability.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

60. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or the culpable or negligent conduct of others and was not the proximate result of any act of defendants City, Officer Jorge Tobon, and Officer William Orange.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

61. Defendants Officer Jorge Tobon and William Orange have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore are protected by qualified immunity.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

62. At all times relevant to the acts alleged in the complaint, the defendants acted reasonably in the proper and lawful exercise of their discretion.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

63. Plaintiff provoked any incident.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

64. Plaintiff has failed to comply with New York General Municipal Law § 50-e.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

65. Plaintiff's claims are barred in part by the applicable statute of limitations.

**WHEREFORE,** defendants City, Officer Jorge Tobon, and Officer William Orange request judgment dismissing the complaint in its entirety, together with the costs and

disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:    New York, New York
          January 17, 2008

                                      MICHAEL A. CARDOZO
                                      Corporation Counsel of the City of New York
                                      Attorney for Defendant City
                                      100 Church Street
                                      New York, New York 10007
                                      (212) 788-1194

                                      By:        _____/s/_____
                                                      Moya O'Connor
                                                           Pursuant to Law Student Appearance Order

To:    Tracie A. Sundack & Associates, L.L.C.
         By ECF